DECISION
Plaintiff, Bodo Fischer (hereinafter "Plaintiff") brings this action against the Zoning Board of Town of Charlestown, Patricia Quigley, William Hodshon, Werner Wiskari, William Wilcox, Michael Rzewuski and Barbara Wheeler, individually and in their capacity as members of the Charlestown Zoning Board (hereinafter "Defendants") pursuant to Section 42-46-8(c) of the Rhode Island General Laws, as amended, ("the Open Meetings Act"). This subsection permits "any individual" to file a complaint in the Superior Court against a public body when that individual believes that the members of that public body have violated the provisions of the Open Meetings Act. This subsection permits such a complaint, notwithstanding any decision on the complaint by the Attorney General. But there are time limits in which such an action must be filed in the Superior Court within ninety (90) days of the Attorney General's decision or within one hundred eighty (180) days of the alleged violation, whichever first occurs. The Attorney General's unofficial opinion #U93-64, dated December 7, 1993, found no violation of the Open Meetings Act. (Exhibit C). Plaintiff filed his complaint on December 23, 1993, well within the time requirements of Section 42-46-8(c) of the Rhode Island General Laws, as amended. This Court gives great deference to the Attorney General in these matters as he is the public official entrusted, in the first instance, to investigate and determine the validity of a complaint made under the Open Meetings Act (§ 42-46-8 of the Rhode Island General Laws, as amended). After reviewing all of the exhibits in this matter, including the depositions of William Hodshon (Exhibit 1), William Wilcox (Exhibit 2), William Garner (Exhibit 3), Carol A. Nelle (Exhibit 4), George Hibbert (Exhibit 6), Arthur Howe (Exhibit 7) and Eleanor C. Ackroyd (Exhibit 8), this Court finds no evidence to contradict the findings contained in the Attorney General's unofficial opinion #U93-64 (Exhibit C). Notwithstanding, this Court has undertaken an independent review and determination.
The parties agreed that the Court would make an initial determination on whether or not there was a violation of the Open Meetings Act before determining whether or not any remedy was available to plaintiff. The parties further agreed to stipulate to the facts contained in the depositions and other exhibits introduced in this matter. The Court held a hearing and heard arguments on April 28, 1997.
This case rises out of a long-standing dispute between the parties over a request for zoning relief by Plaintiff. Such relief was finally granted by a justice of this court who heard this matter and rendered a decision on April 5, 1993 reversing the earlier decision of the Zoning Board of Review for the Town of Charlestown and, thus, granting the relief requested by petitioner Bodo Fischer, the Plaintiff in this case. While this Court has great empathy for the Plaintiff in the long, but successful, quest for zoning relief, this Court cannot satisfy Plaintiff here. Plaintiff's counsel was right in arguing in favor of the "spirit" of our Open Meetings Act. But this Court can find no violation of that "spirit" with the facts at hand.
Plaintiff alleges that the Solicitor for the Town of Charlestown met with the Zoning Board of Review of the Town of Charlestown on May 27, 1993. For there to be a meeting "as anticipated by the Open Meetings Act," a "public body" must convene (Section 42-46-2(a)) and there must be a "quorum" (Section 42-46-2(d)).
While the clerk indicated that an "executive session" would be held on May 27, 1993, this Court finds that no executive session was, in fact, held. As a result of the zoning decision by a justice of this court, the Town Solicitor prepared a four-page memorandum, dated May 10, 1993 (Exhibit A), for distribution to the members of the Zoning Board of Review of the Town of Charlestown. It is the discussion of this memorandum by the Solicitor with one or two members of the Charlestown Zoning Board that is the progeny of this complaint. The Solicitor represented to this Court and in his letter to the Attorney General (Exhibit B) that, in fact, no meeting was held but that two members of the Zoning Board of Review of the Town of Charlestown asked the Solicitor questions concerning the Solicitor's memorandum of May 10th (Exhibit A). The Solicitor discussed his memorandum with these individuals — either separately or collectively — in the lunchroom at the Town of Charlestown Town Hall in an effort to explain his memorandum as to why the Charlestown Zoning Board was reversed by a justice of the Superior Court. A quorum in this instance would have been there.
This Court does not believe that such discussions fall within the spirit or requirements of our Open Meetings Act. There was neither a convening of a public body nor a quorum. More importantly, this Court believes in the free and unhindered discussions between lawyer and client. Quite simply, that is what occurred in this case and such discussions should not be, nor are they, subject to the requirements of the Open Meetings Act, especially when there is no meeting of a public body.
As a result, this Court finds for the Defendants.
Counsel shall prepare an appropriate Order.